FRANK MOSCHETTI *vs.* ANTONIO DE CUBELLIS.

MAY 12, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   Plaintiff brought an action of debt in the superior court against Antonio De Cubellis and attached certain money, allegedly belonging to him, on deposit with the Union Trust Company, a banking corporation, hereinafter referred to as the garnishee.  The garnishee, by affidavit of its treasurer, declared in response to the mandate of the writ that it had in its possession a certain deposit in the following form: "Antonio De Cubellis trustee for Anna De Cubellis." The affidavit further declared that neither affiant nor garnishee knew whether this deposit belonged to defendant, Antonio De Cubellis, and requested the court to determine ownership of the deposit.  In the circumstances the garnishee asked that it be advised whether or not it was chargeable as garnishee.

Thereafter defendant's wife Anna De Cubellis moved to be made a party to the action but only "so far as respects to title to money under attachment."  Her motion was granted in accordance with the provisions of general laws 1938, chapter 550, § 15, and thereupon she filed a further motion alleging therein that she was the owner of the attached deposit, and requesting that said deposit be released from attachment and ordered paid to her.  After a hearing in the superior court this motion was also granted.

Plaintiff duly excepted to the granting of such motion and also to a ruling made by the trial justice during the hearing excluding a certain question asked by plaintiff.  The case is here on these exceptions.

This latter exception is clearly without merit.  While defendant Antonio De Cubellis was testifying at the call of

the plaintiff, in accordance with P. L. 1939, chap. 705, he was asked: "Have you a checking account now, Mr. De Cubellis?" On the objection of defendant's counsel, the trial justice ruled that the question was immaterial. Plaintiff argued to us that if he had been permitted to make this inquiry he would have been able, regardless of whether the answer would have been yes or no, to pursue "a line of inquiry that would have tended to throw some light upon issues within the peculiar knowledge" of Anna De Cubellis and her witnesses. This argument is not persuasive. We cannot see how the question was material or relevant to the inquiry then before the court, namely, whether or not the deposit under attachment belonged to defendant or his wife. This exception is therefore overruled.

In support of his exception to the granting of the second motion of Anna De Cubellis, plaintiff contends that the trial justice misconceived the evidence, failed to decide the case on the evidence before him, misconceived the law and finally that his decision did not do substantial justice. On any of these reasons, plaintiff argues, the decision should be reversed.

If a trial justice's decision in a case is based on a misconception or an overlooking of important evidence, or on a misconception of the law applicable to the evidence, his decision will be set aside by this court. This rule is well established in this state and needs no citation of authority, although there is an abundance of cases in which it has been approved and applied. Plaintiff has cited some of those cases in his brief in support of his contention that such is the law. The question here, however, is not whether such is the law but whether, in the instant case, the trial justice erred in any of the above respects in making his decision so as to call for the application of the law.

After a careful reading of the transcript, particularly of those portions of it to which our attention was specifically called by the plaintiff in his brief and argument, we are un-

able to find that the trial justice misconceived or overlooked any important evidence. Plaintiff seems to argue that the trial justice's decision indicates that he must have overlooked or disregarded the documentary evidence in the case and have considered only the testimony of the witnesses who appeared before him, but we do not think this is so. We are of the opinion that he treated the documentary evidence as not conclusive of the facts stated therein but as properly open to an explanation of the circumstances leading up to and surrounding its execution; and that to his mind the testimony of Anna De Cubellis and her witnesses furnished a satisfactory explanation in her favor which was uncontradicted.

The principal piece of documentary evidence was the following written declaration of trust made to the garnishee at the time the attached bank account was opened:

"The deposit made in your Company by me in my own name as Trustee, and evidenced by Participation Account Book No. 56398 is a voluntary one on my part of my own money, and I do hereby declare myself to be from this date Trustee for Anna De Cubellis whose residence is 1792 Cranston St., Cranston R. I., of said deposit and of any further deposits in the same account, with full authority and power in myself, as to said account and all the trust fund hereunder, of withdrawal, transfer, sale, and reinvestment, in my discretion, and neither your Company nor anyone else besides myself shall be required to look or to be responsible for the application of any money withdrawn by me or on my order from said account or of any reinvestment thereof. Upon my death the trust fund hereunder, including the amount then on deposit in said account and all accrued and unpaid interest thereon, shall be payable or transferable to the above named Anna De Cubellis, if then living and if she shall not be then living then to her estate.

| Witness | Signed |
|---|---|
| H. B. St. John | Antonio De Cubellis." |

All of the witnesses, except the employee of the garnishee who witnessed the above declaration, testified that the money belonged to Anna De Cubellis. She explained where she obtained the money and why it was deposited under her husband's name as trustee for her benefit. There was no testimony in contradiction of her testimony. On the contrary, she was substantially corroborated by her husband and her son. While all of this testimony may, considering its source, be more or less suspected of self-serving infirmities and lacking in credible characteristics, nevertheless it cannot be wholly disregarded without first deciding that the witnesses themselves are unworthy of belief.

In this connection, however, it must be remembered that the trial justice, who had the advantage over us of seeing the witnesses and observing them as they were testifying, has already passed favorably upon their credibility. Having once credited their testimony, which was uncontradicted, he could hardly have done otherwise than find that the money under attachment belonged to Anna De Cubellis and not to the defendant. In other words, the uncontradicted testimony probably appeared so clear and positive to him that it outweighed the statement of ownership of the money made by Antonio De Cubellis in the declaration of trust.

The declaration of trust was not conclusive proof of ownership of the money deposited thereunder. This was especially so under the circumstances of this case where the trustee, far from claiming that the money was his, testified that it belonged to his wife. The law cited by the plaintiff governing bank deposits made by a donor or settlor in trust for another is not applicable here. The controversy in this proceeding is whether the supposed settlor or donor of the money in the attached trust account was, in the first place, the owner of such money or whether it was really the money of the *cestui que trust,* Anna De Cubellis. Since the trial justice found that it belonged to the latter, it was not neces-

sary for him to consider the principle of law contended for by the plaintiff.

Plaintiff's last contention, that the decision of the trial justice does not do substantial justice, is not borne out by our examination of the evidence. It was the duty of the trial justice to determine from all the evidence before him whether or not Anna De Cubellis had proved that she was the owner of the money in the attached deposit. By the terms of the declaration of trust, it appeared *prima facie* that the money belonged to Antonio De Cubellis. The employee of the garnishee, who filled out the declaration and witnessed the signing thereof, testified that he read the declaration to Antonio De Cubellis before he signed it, but this witness also admitted that he did not ask who owned the money which was being deposited thereunder. On the other hand, Anna De Cubellis and her witnesses testified positively that it was her money, and one of these witnesses was the defendant, himself, the supposed settlor and trustee of the trust.

In announcing his decision from the bench, granting the motion, the trial justice stated that there was no evidence that the money under attachment belonged to defendant, Antonio De Cubellis. He also stated that there was nothing to dispute the evidence that it belonged to Anna De Cubellis. If her testimony and that of her witnesses are worthy of belief, those statements are entirely correct because, in such circumstances, the *prima facie* evidence of ownership of the money by Antonio De Cubellis contained in the declaration of trust, is completely negatived by his own testimony; and the evidence of ownership in Anna De Cubellis stands alone and uncontradicted.

In passing upon the question of the credibility of the witnesses, which is so vital to the decision of this case, it must be admitted that the trial justice was in a more advantageous position than we are, who are deprived of the opportunity to observe the witnesses as they are testifying. Therefore, in

the absence of some inherent defect in the evidence itself, quite apart from the credibility of the witnesses, his decision granting the motion must prevail.

Plaintiff argues that there is such a defect in the testimony given on behalf of Anna De Cubellis, and that we should apply to it the principles of the law of evidence enunciated in *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180 and *Taylor* v. *Taylor*, 90 A. 746 (R. I.). In the *Taylor* case the court said that to be entitled to consideration, evidence must be credible in itself, explaining that by this was meant that it should be so natural, reasonable, and probable, in view of the transaction which it described or to which it related, as to make it easy to believe it.

In the *Gorman* case the court held that a court or jury was not bound to accept, as true, positive testimony merely because there was no direct testimony contradicting it, where such testimony contained inherent improbabilities or contradictions, which alone, or in connection with other circumstances in evidence, satisfied the court or jury of its falsity.

These principles are sound, and they ought to be applied in a proper case, but we are unable to say that either principle should be applied to the testimony in this proceeding. The testimony on behalf of Anna De Cubellis does not contain in itself, aside from its sources, inherent improbabilities or contradictions in the sense intended by the above statement of the law in the *Gorman* case. Nor can we say that it fails to meet the test of credibility laid down in the *Taylor* case. Indeed, in the instant proceeding the whole difficulty, if there be any difficulty, lies in the sources of the testimony. The testimony itself is credible enough once it is accepted that the witnesses are credible. In other words, it is not testimony which, even admitting its credible source, contains within itself defects of unreasonableness and improbability.

Since the trial justice, in the instant proceeding, has favorably passed upon the credibility of the witnesses, and since

470

the testimony is not inherently improbable or otherwise contradicted, it must be accepted as true. This being so, the plaintiff's exceptions are overruled, the order of the superior court entered on the 9th day of October 1940 as of the 2nd day of October 1940 is affirmed, and the case is remitted to the superior court for further proceedings.

*Alfred D'Amario, Santi J. Paul,* for plaintiff.

*Frederick Torelli, Torelli & McCormick,* for defendant.